IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VELOCITY ALL SPORTS, LLC and JERALD NETTLES<br><br>Defendants. | Case No. 1:24-cv-00921 |

**UNITED STATES LIABILITY INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff United States Liability Insurance Company ("USLI"), by and through its attorneys, Litchfield Cavo LLP, and for its Complaint for Declaratory Judgment against defendant VELOCITY ALLSPORTS, LLC and JERALD NETTLES, alleges as follows:

**Nature of the Action**

1. This is an action for declaratory judgment and other relief pursuant to 28 U.S.C. § 2201, which has been brought to determine whether USLI has any obligation to defend or indemnify defendants VELOCITY ALL SPORTS, LLC with respect to a lawsuit alleging bodily injury filed against VELOCITY ALL SPORTS, LLC in the Circuit Court of Will County Illinois, captioned *Jerald Nettles v. Velocity All Sports, Inc.,* Case No. 2022LA000487. A true and correct copy of that Complaint is attached hereto as Exhibit 1 (hereinafter, the "Underlying Complaint").

2. USLI's position is that for the reasons set forth below, there is no coverage for the Underlying Lawsuit for VELOCITY ALL SPORTS, LLC pursuant to the terms of either of the two policies of insurance that USLI issued to VELOCITY ALL SPORTS, LLC.

- 1 -

3. Upon information and belief, this declaratory judgment action will resolve certain issues pertaining to whether USLI has any obligation to provide a defense to VELOCITY ALL SPORTS, LLC with respect to the Underlying Lawsuit, or to indemnify VELOCITY ALL SPORTS, LLC in the event VELOCITY ALL SPORTS, LLC is found to have any liability in connection with the Underlying Lawsuit.

### The Parties

4. At all times herein mentioned, plaintiff United States Liability Insurance Company is Nebraska Corporation having its principal place of business in Wayne, Pennsylvania.

5. At all times herein mentioned, on information and belief, defendant VELOCITY ALL SPORTS, LLC is an Illinois Corporation with its principal place of business in Illinois.

6. At all times herein mentioned, defendant JERALD NETTLES was and is a citizen of Illinois. JERALD NETTLES is joined as a necessary party to USLI's Complaint. USLI seeks no specific relief from or against JERALD NETTLES. USLI has joined JERALD NETTLES as a party defendant to ensure that JERALD NETTLES is bound by the judgment rendered in this lawsuit.

### Jurisdiction and Venue

7. This court has jurisdiction over this matter under 28 U.S.C. §1332(a)(1) because complete diversity of citizenship exists between USLI and each of the defendants, and because the amount in controversy, including the combined costs of defense and indemnity in the underlying case at issue, exceeds the sum or value of seventy-five thousand dollars ($75,000.00) exclusive of interests and costs.

8. This court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, in relation to the dispute and controversy between the parties with respect to insurance obligations and the allegations of the Underlying Lawsuit.

9. Venue is proper in this District and Court under 28 U.S.C. §1391(a). A substantial part of the events or omissions giving rise to the claim occurred in this District.

## Facts

### The Underlying Lawsuit

10. Upon information and belief, on or about August 1, 2022, JERALD NETTLES filed a Complaint initiating the Underlying Lawsuit against VELOCITY ALL SPORTS, LLC seeking recovery for damages due to bodily injuries allegedly sustained on January 17, 2021, at 9100 W. 193rd Street, Mokena Illinois (hereinafter, the "Property").

11. The Underlying Complaint alleges that "JERALD NETTLES was an invitee of the (Property) having entered the premises to play basketball . . ." (Paragraph 2 of the Underlying Complaint, Exhibit 1), and that "JERALD NETTLES was playing basketball when as a direct and proximate result of the negligence of . . . .VELOCITY ALL SPORTS . . . (JERALD NETTLES) was caused to trip and fall with great force and violence due to a defective condition on the floor of the basketball court . . . ". (Paragraph 5 of the Underlying Complaint, Exhibit 1).

### The United States Liability Insurance Company Policies

12. USLI issued two policies of insurance to VELOCITY ALL SPORTS, LLC:

a. Policy number CP1609906E (the "Primary Policy"), and

b. Policy number CUP1555099D (the "Umbrella Policy").

Both the Primary Policy and the Umbrella Policy were effective from April 15, 2020, to April 15, 2021. A true and correct copy of the Primary Policy is attached hereto as Exhibit 2. A true and correct copy of the Umbrella Policy is attached hereto as Exhibit 3.

13. Collectively, the Primary Policy and the Umbrella Policy are referred to as "the Policies" herein.

14. The Policies provide commercial general liability coverage, with the Primary Policy providing "primary" coverage and containing the Policy terms and conditions, and the Umbrella Policy providing "excess" coverage above the Primary Policy (Coverage A) and "umbrella" coverage in certain circumstances when the Primary Policy does not afford coverage (Coverage B). Both Coverage A and Coverage B of the Umbrella Policy adopt many of the terms and conditions of the Primary Policy via the following:

a. "Coverage A is excess insurance and follows the "underlying insurance" except as otherwise stated in this policy." (Exhibit 3 at USLI0129),

b. "Coverage B applies only to an "occurrence" which not covered by Coverage A and is not otherwise excluded by this policy or any underlying policy." (Exhibit 3 at USLI0129).

15. The Primary Policy contains form "L-536 (4/15) – Exclusion – Participation in Athletic Activity, Physical Activity or Sports", which states the following:

This insurance does not apply to:

1. "Bodily injury", "property damage", "personal and advertising injury" or medical payments to or for participants arising out of or resulting from practice, instruction, participation, demonstration or any athletic activity, physical activity or sport; including but not limited to activity in preparation for or following such activity or sport.
2. "Bodily injury", "property damage" or "personal and advertising injury" sustained by the spouse, child, parent, brother or sister of such participant(s) as a consequence of "bodily injury", "property damage" or "personal and advertising injury" to such participant(s).

   3. Any claims or "suits" by any person or organization for damages because of such "bodily injury", "property damage" or "personal and advertising injury" including damages for care and loss of services.

This exclusion shall apply whether or not the athletic activity, physical activity or Furthermore, medical payments related to the alleged injuries are not covered under the Underlying Policy.

(Exhibit 2 at USLI0055).

16. The Primary Policy contains Coverage C, "Medial Payments", which states as follows:

**COVERAGE C MEDICAL PAYMENTS**

**1.** **Insuring Agreement**
 **a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:
  (1) On premises you own or rent;
  (2) On ways next to premises you own or rent; or
  (3) Because of your operations;
   provided that:
   (a) The accident takes place in the "coverage territory" and during the policy period;
   (b) The expenses are incurred and reported to us within one year of the date of the accident; and
   (c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

...

**2.** **Exclusions**
 We will not pay expenses for "bodily injury":
 ...
 **e.** **Athletics Activities**
  To a person injured while practicing, instructing or participating in any physical exercises or games, sports, or athletic contests.
 ...
 **g.** **Coverage A Exclusions**
  Excluded under Coverage **A**.

(Exhibit 2 at USLI0026-27).

17. JERALD NETTLES was a participating in an "Athletic Activity, Physical Activity or Sports", "physical exercises or games, sports or athletic contests", *i.e.*, playing

basketball, at the time that the injuries alleged to have been suffered by the Underlying Complaint took place.

18. The language quoted on Paragraphs 14-16, above, exclude coverage for the allegations presented by the Underlying Complaint, because JERALD NETTLES was a participating in an "Athletic Activity, Physical Activity or Sports", "physical exercises or games, sports or athletic contests", *i.e.*, playing basketball, at the time that the injuries alleged to have been suffered by the Underlying Complaint took place.

19. Pursuant to the language cited in Paragraph 14, above, any "damage" not covered by the "underlying insurance" (*i.e.*, the Primary Policy) is excluded from coverage in the Umbrella Policy. Since the "underlying insurance" does not provide coverage for the claims asserted by JERALD NETTLES, then there is also no coverage provided by the Umbrella Policy.

### Count I
### (Declaration of No Coverage)

20. USLI repeats and realleges each and every allegation set forth in paragraphs 1 - 19 as if fully set forth herein.

21. An actual dispute and controversy has arisen between USLI and VELOCITY ALL SPORTS, LLC regarding whether coverage and/or a duty to defend exists for VELOCITY ALL SPORTS, LLC under the Policies for the Underlying Complaint.

22. There is no coverage under either of the Policies for VELOCITY ALL SPORTS, LLC because the Policies exclude coverage for "Participation in Athletic Activity, Physical Activity or Sports" pursuant to Form L-536, and JERALD NETTLES was engaged in "Athletic Activity, Physical Activity or Sports", *i.e.*, playing basketball, at the time that the injuries alleged in the Underlying Complaint took place.

23. The Policies precludes coverage for any medical payments related to the alleged injuries suffered by JERALD NETTLES pursuant to "COVERAGE C MEDICAL PAYMENTS" because JERALD NETTLES was a engaged in "physical exercises or games, sports or athletic contests", *i.e.*, playing basketball, at the time that the injuries alleged to have been suffered by the Underlying Complaint took place.

24. USLI has complied with all of its contractual and legal obligations in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, United States Liability Insurance Company requests entry of a declaratory judgment finding and declaring that:

**A.** United Statues Liability Insurance Company has no duty under either, and both, of the Policies to defend or indemnify VELOCITY ALL SPORTS, LLC for the Underlying Lawsuit; and

**B.** That this Court grant other and further relief as it deems proper under the evidence and circumstances.

Dated: February 1, 2024

                                                              LITCHFIELD CAVO LLP

                                                              By: /s/ Joseph B. Royster
                                                              Attorneys for United States Liability Insurance Company

Joseph B. Royster
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
Phone: (312)781-6608
Royster@LitchfieldCavo.com
Firm: 36351