IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

UNITED STATES LIABILITY INSURANCE
COMPANY,

               Plaintiff,

    v.

VELOCITY ALL SPORTS, LLC and JERALD
NETTLES

               Defendants.

Case No.  1:24-cv-00921

## CONSENT JUDGMENT

On the agreement of Plaintiff United States Liability Insurance Company ("USLI"), and Defendant Velocity All Sports, LLC ("Velocity") (collectively, the "Parties"), it is hereby ORDERED, ADJUDGED AND DECREED:

WHEREAS, on or about August 1, 2022, Jerald Nettles filed a Complaint initiating the Underlying Lawsuit against Velocity All Sports, LLC  seeking recovery for damages due to bodily injuries allegedly sustained on January 17, 2021, at 9100 W. 193rd Street, Mokena Illinois (hereinafter, the "Property").    In this Underlying Complaint, it is alleged that "JERALD NETTLES was an invitee of the (Property) having entered the premises to play basketball . . ." (Paragraph 2 of the Underlying Complaint, Exhibit 1), and that "JERALD NETTLES was playing basketball when as a direct and proximate result of the negligence of . .  .VELOCITY ALL SPORTS . . . (JERALD NETTLES) was caused to trip and fall with great force and violence due to a defective condition on the floor of the basketball court . . . ". (Paragraph 5 of the Underlying Complaint, Exhibit 1).

1

WHEREAS USLI issued two policies of insurance to Velocity All Sports, LLC:

a. Policy number CP1609906E (the "Primary Policy"), and

b. Policy number CUP1555099D (the "Umbrella Policy").

Both the Primary Policy and the Umbrella Policy were effective from April 15, 2020, to April 15, 2021;

WHEREAS, on February 1, 2024, USLI filed the instant action, seeking a declaratory judgment that no coverage exists under either the Primary Policy, the Umbrella Policy or both, including no a duty to defend, or indemnity to any party named in the Underlying Lawsuit; and

WHEREAS, in order to avoid the costs and expenses related to litigation, the Parties have agreed to the entry of this Consent Judgment as the Parties agree that there is no insurance coverage under either the Primary Policy, the Umbrella Policy or both for the reasons set forth in the Complaint for Declaratory Judgment.

NOW THEREFORE, in consideration of the agreements, promises, representations, and warranties set forth herein, the sufficiency of which is acknowledged by all Parties to this Consent Judgment, the Parties agree to be bound by the Court's following findings:

1. USLI issued the Primary Policy and the Umbrella Policy to Velocity All Sports LLC, each of which was effective for the policy period of April 15, 2020 to April 15, 2021.

2. The coverage provided by the Primary Policy and the Umbrella Policy are subject to certain terms, conditions, endorsements, and exclusions.

3. The Primary Policy provides "primary" coverage and contains the Policy terms and conditions, and the Umbrella Policy provides "excess" coverage above the Primary Policy

2

(Coverage A) and "umbrella" coverage in certain circumstances when the Primary Policy does not afford coverage (Coverage B). Both Coverage A and Coverage B of the Umbrella Policy adopt many of the terms and conditions of the Primary Policy via the following:

> a. "Coverage A is excess insurance and follows the "underlying insurance" except as otherwise stated in this policy."
> b. "Coverage B applies only to an "occurrence" which not covered by Coverage A and is not otherwise excluded by this policy or any underlying policy."

4.    The Primary Policy and the Umbrella Policy contain The Primary Policy contains form "L-536 (4/15) – Exclusion – Participation in Athletic Activity, Physical Activity or Sports", which states the following:

> This insurance does not apply to:

> 1.    "Bodily injury", "property damage", "personal and advertising injury" or medical payments to or for participants arising out of or resulting from practice, instruction, participation, demonstration or any athletic activity, physical activity or sport; including but not limited to activity in preparation for or following such activity or sport.

> 2.    "Bodily injury", "property damage" or "personal and advertising injury" sustained by the spouse, child, parent, brother or sister of such participant(s) as a consequence of "bodily injury", "property damage" or "personal and advertising injury" to such participant(s).

> 3.    Any claims or "suits" by any person or organization for damages because of such "bodily injury", "property damage" or "personal and advertising injury" including damages for care and loss of services.

> This exclusion shall apply whether or not the athletic activity, physical activity or Furthermore, medical payments related to the alleged injuries are not covered under the Underlying Policy.

5.    Jerald Nettles alleges that on or about January 17, 2021, he sustained injuries "while playing basketball" at the Property.

6.      Jerald Nettles was a participating in an "Athletic Activity, Physical Activity or Sports", "physical exercises or games, sports or athletic contests", *i.e.*, playing basketball, at the time that the injuries alleged to have been suffered by the Underlying Complaint took place.

7.      The language quoted on Paragraph 4, above, excludes coverage for the allegations presented by the Underlying Complaint, because Jerald Nettles was a participating in an "Athletic Activity, Physical Activity or Sports", "physical exercises or games, sports or athletic contests", *i.e.*, playing basketball, at the time that the injuries alleged to have been suffered by the Underlying Complaint took place.

8.      Pursuant to the language cited in Paragraph 3, above, any "damage" not covered by the "underlying insurance" (*i.e.*, the Primary Policy) is excluded from coverage in the Umbrella Policy. Since the "underlying insurance" does not provide coverage for the claims asserted by Jerald Nettles, then there is also no coverage provided by the Umbrella Policy.

Based upon the foregoing, THIS COURT grants judgment in favor of USLI on its Complaint for Declaratory Judgment, **DECLARES, ORDERS AND ADJUDGES** that neither the Primary Policy nor the Umbrella Policy provide coverage, either via defense or indemnity, for the damages alleged to have been suffered by Jerald Nettles in the Underlying Lawsuit, and that, as a result, USLI has no duty to defend, provide coverage for, or indemnify Velocity with regard to the Underlying

\ \

\ \

\ \

\ \

4

Lawsuit.

**DATED this 9th day of February, 2024.**

CONSENTED TO AND AGREED TO BY:

LITCHFIELD CAVO, LLP

By: /s/

Attorney for Plaintiff

**Joseph B. Royster**
LITCHFIELD CAVO, LLP
303 West Madison Avenue, Suite 300
Chicago, IL 60606
Phone: (312) 781-6677
Fax: (312) 781-6630
Royster@litchfieldcavo.com

SO ORDERED:

DATED: 2/21/2024

MARK T. HICKEY &
ASSOCIATES, P.C.

By: /s/

Attorney for Defendant Velocity All
Sports LLC

**Mark T. Hickey**
Mark T. Hickey & Associates, P.C.
7220 W. 194th St., Ste. 101
Tinley Park, IL 60487
Phone: (815) 469-8585
Fax: (815) 469-8686
mark@markthickey.com

JUDGE

5